UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON-ERIK ROOSEVELT BOLDS, JR.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LEUVANOS, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01668-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 19) |

　　　Plaintiff Jon-Erik Roosevelt Bolds, Jr., is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for a preliminary injunction, filed March 28, 2022. Plaintiff seeks a court order to prevent Kern County from utilizing restraints during transportation to court proceedings or movement within the facility. (ECF No. 19.)

**I.**

**DISCUSSION**

　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1 favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may
2 only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

3       Federal courts are courts of limited jurisdiction and in considering a request for preliminary
4 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
5 an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian
6 Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court
7 does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.
8 Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
9 Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
10 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
11 means necessary to correct the violation of the Federal right."

12       Furthermore, the pendency of this action does not give the Court jurisdiction over prison
13 officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United
14 States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action
15 and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93;
16 Mayfield, 599 F.3d at 969.

17       As an initial matter, Plaintiff's case is in the preliminary screening stage, and the United States
18 Marshal has yet to effect service on any Defendant, and Defendants have no actual notice.  Therefore,
19 the Court has no personal jurisdiction over any Defendant at this time.  Fed. R. Civ. P. 65(d)(2);
20 Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S.,
21 753 F.2d 719, 727-28 (9th Cir. 1983).  In addition, the Court cannot determine whether there is any
22 likelihood of success on the merits of Plaintiff's claims.  Furthermore, Plaintiff has failed to
23 "demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at 22.
24 Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

25 **II.**
26 **RECOMMENDATION**

27       Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a
28 preliminary injunction (ECF No. 19) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 29, 2022**

UNITED STATES MAGISTRATE JUDGE

3