UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON-ERIK ROOSEVELT BOLDS, JR., <br><br> Plaintiff, <br><br> v. <br><br> LUEVANOS, et al.,, <br><br> Defendants. | No.  1:21-cv-01668-NODJ-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE <br><br> (ECF No. 77) |

  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's second motion for appointment of counsel, filed February 6, 2024.  Plaintiff seeks appointment of counsel due indigency, incarceration, limited knowledge of the law, limited access to the law library, and potential conflicting testimony.

  There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

  Without a reasonable method of securing and compensating counsel, the Court will seek

1 volunteer counsel only in the most serious and exceptional cases. In determining whether
2 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
3 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
4 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

5 In the present case, the Court does not find the required exceptional circumstances. Even
6 if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations
7 which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
8 similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to
9 his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the
10 appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most
11 actions require development of further facts during litigation and a pro se litigant will seldom be
12 in a position to investigate easily the facts necessary to support the case.") The test is whether
13 exception circumstances exist and here, they do not. At this stage of the litigation, the Court
14 cannot find Plaintiff is likely to succeed on the merits, as Defendants have filed a motion for
15 summary judgment. In addition, circumstances common to most prisoners, such as lack of legal
16 education and limited law library access, do not establish exceptional circumstances that would
17 warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's second motion for
18 the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **February 7, 2024**

UNITED STATES MAGISTRATE JUDGE